Tompkins, J.,
delivered the opinion of the Court.
It is assigned as a reason for dismissing the writ of error, that when a case, brought, as this was, on appeal from the Probate Court to' the Circuit Court, it is the duty of the Clerk of the Circuit Court, to certify down (to the Probate Court) a transcript of the proceedings and decision of the Circuit Court, with the-original papers.
By the 54th section of the law concerning executors and administrators, it is provided, that on appeal from the Probate Court to the Circuit Court, the Judge of Probate shall make out a transcript of the proceedings in said Court, and transmit the same, with the original papers, to the Clerk of the Circuit Court of the proper county; and that, after the Circuit Court has decided, the Clerk of the Circuit Court shall make out a transcript of the proceedings of the Circuit Court, with the original papers, to the Judge of the Court where the appeal was taken. We suppose it was meant, that the transcript of the proceedings in the Circuit Court, with the original papers, should be transmitted to the Judge of the Court where the appeal was taken. What are the original papers, and what are the proceedings in the Probate Court? In the 53d section of the same act, the plaintiff in the Probate Court is required to file in the office of the Judge of Probate in which the proceedings are to be had, a petition, setting forth the nature and amount of his demand, accompanied by a copy of the notice, and the account or other writing upon which the demand is founded, and the evidence of the service of such notice ; that the petition, the copy of the notice, and the evidence of the service of such notice, are matters of record, as was contended by the counsel for plaintiff in error, and admitted by the defendant ; and the Court think that they can be properly called those proceedings in the Probate Court, of which a transcript is to be sent to the Circuit Court. The ori *484 ginal papers, in the opinion of the Court, on the accounts, notes, or other evidences of debt, (of which many may exist against the testate or intestate, as well as against the administrator or executor,) required by the statute to be filed with the petition, on a trial de novo. In the Circuit Court, these original papers would be wanted 5 after the trial was over, they would be no longer necessary, and might, with propriety, be sent back to the Probate Court. The record of the Circuit Court would then be complete. This Court could, as the Constitution and the law contemplate, by writ of error, know what had been done in the case, and in the opinion of this Court, both the letter and the spirit of the statute would be complied with.
The motion is overruled.